UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARGARET COAKLEY HAMELIN<br>        Plaintiff,<br>v.<br><br>HARTFORD LIFE and ACCIDENT<br>INSURANCE COMPANY,<br>        Defendant. | )<br>)<br>)    04-CV-40241 FDS<br>)<br>)<br>)<br>) |

**ANSWER OF HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY**

The Defendant Hartford Life and Accident Insurance Company ("Hartford"), hereby answers Plaintiff's complaint as follows:

**JURISDICTION AND VENUE**

1. Hartford admits that they provide participants in the Commonwealth of Massachusetts Group Insurance Plan (hereinafter, "the Plan") with Long Term disability insurance benefits subject to the terms and conditions of the Plan. The remaining allegations in Paragraph 1 state legal conclusions to which a response is not required.

2. The allegations contained in Paragraph 2 state legal conclusions to which a response is not required.

3. Hartford lacks sufficient knowledge to admit or deny the allegation contained in Paragraph 3.

4. The allegations contained in Paragraph 4 state legal conclusions to which a response is not required.

**PARTIES**

5. Hartford lacks sufficient knowledge to admit or deny the allegation contained in Paragraph 5.

6. Hartford admits the allegations contained in Paragraph 6.

7. Hartford admits that Plaintiff was a participant in the Plan. Hartford lacks sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 7.

8. Hartford admits that they paid Plaintiff benefits for the period of March 22, 1999 to November 30, 2001. Hartford lacks sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 8.

9. Hartford admits that the Plan contains a definition of disability, but denies Plaintiff's summary of it because Plaintiff fails to state the entirety of a document that is the best evidence of its contents. Hartford admits that it paid Plaintiff benefits for the period of March 22, 1999 to November 30, 2001, but denies the remaining allegations contained in the second sentence of Paragraph 9.

10. Hartford admits that the Plan contains a definition of disability, but denies Plaintiff's summary of it because Plaintiff fails to state the entirety of a document that is the best evidence of its contents.

11. Hartford admits there is a letter dated December 3, 2001 from Hartford to Plaintiff, but denies that the letter attached to the Complaint as Exhibit 2 is a complete copy of that letter. Hartford denies the remaining allegations contained in Paragraph 11 because Plaintiff fails to state the entirety of a document that is the best evidence of its contents.

12. Hartford admits there is a letter dated January 28, 2002 from Plaintiff to Hartford and that it is attached to the Complaint as Exhibit 3, but denies the remaining allegations contained in Paragraph 12 because Plaintiff fails to state the entirety of a document that is the best evidence of its contents.

13. Hartford admits that there is a letter dated April 25, 2002 from Hartford to the Plaintiff and that is attached to the Complaint as Exhibit 4, but denies the remaining allegations contained in Paragraph 13 because Plaintiff fails to state the entirety of a document that is the best evidence of its contents.

14. Hartford admits that a copy of Dr. Schwartz's report is attached to the Complaint as Exhibit 5. Hartford admits Dr. Schwartz reviewed Plaintiff's medical records. Hartford admits Dr. Schwartz did not physically examine Plaintiff.

15. Hartford admits that there is a report by Dr. Schwartz, but denies the remaining allegations contained in Paragraph 15 because Plaintiff fails to state the entirety of a document that is the best evidence of its contents.

16. Hartford admits that there is a report by Dr. Schwartz, but denies the remaining allegations contained in Paragraph 16 because Plaintiff fails to state the entirety of a document that is the best evidence of its contents.

17. Hartford admits that there is a report by Dr. Schwartz, but denies the remaining allegations contained in Paragraph 17 because Plaintiff fails to state the entirety of a document that is the best evidence of its contents.

18. Hartford lacks sufficient knowledge to admit or deny that Dr. Abigail Adams is a treating physician of Plaintiff. Hartford admits that there is a report dated March 9, 2004 by Dr. Abigail Adams, but denies the remaining allegations contained in Paragraph 18 because Plaintiff fails to state the entirety of a document that is the best evidence of its contents.

19. Hartford admits that there is a letter dated June 7, 2004 from Plaintiff's attorney to Hartford, but denies the remaining allegations contained in Paragraph 19 because Plaintiff fails to state the entirety of a document that is the best evidence of its contents.

20. Hartford admits that there is a letter dated June 11, 2004 from the Hartford to the Plaintiff, but denies the remaining allegations contained in Paragraph 20 because Plaintiff fails to state the entirety of a document that is the best evidence of its contents.

### COUNT I

21. Hartford realleges each of the paragraphs above as if fully set forth herein.

22. Hartford denies the allegations contained in Paragraph 22.

23. Hartford denies the allegations contained in Paragraph 23.

24. Hartford denies the allegations contained in Paragraph 24.

25. Hartford denies the allegations contained in Paragraph 25.

### AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a claim for which relief can be granted.

2. This Court lacks proper subject matter jurisdiction over this case.

3. Plaintiff's remedies, if any, are subject to the restrictions, deductions and offsets contained in the applicable plan.

Respectfully Submitted,

DEFENDANT HARTFORD LIFE AND
ACCIDENT INSURANCE COMPANY, INC.

By its Attorneys,

David B. Crevier, BBO #557242
Katherine R. Parsons, BBO # 657280
1500 Main Street, Suite 2020
Springfield, MA 01115-5532
Tel: (413) 787-2400
Facsimile: (413) 781-8235
Email: Dcrevier@creiverandryan.com
Kparsons@crevierandryan.com

## CERTIFICATE OF SERVICE

10 th I certify that a true copy of the forgoing was sent first class mail postage prepaid on this  _10th_ day of February 2005, to counsel of record.