UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARGARET COAKLAY HAMELIN,<br><br>Plaintiff,<br><br>v.<br><br>HARTFORD LIFE AND ACCIDENT INSURANCE CO.,<br><br>Defendant. | Civil Action No.<br>04-40241-FDS |

**MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO DISMISS**

**SAYLOR, J.**

This is a dispute over an insurer's denial of long-term disability benefits.  Plaintiff Margaret Hamelin seeks judicial review of that denial, contending that this court has federal jurisdiction under the jurisdictional provisions of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1332(e)(1), -(f).  Defendant Hartford Life and Accident Company ("Hartford") has moved to dismiss this action for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).  For the reasons set forth below, that motion will be granted.

**I.    Background**

Plaintiff Margaret Hamelin, of Sterling, Massachusetts, was employed by the Commonwealth of Massachusetts as an associate professor of respiratory therapy at Quinsigamond Community College in Worcester, Massachusetts.  Plaintiff was enrolled in a group insurance policy provided by Hartford that provided long-term disability benefits for Commonwealth employees.

Plaintiff, who suffered from rheumatoid arthritis and systemic lupus, began receiving disability benefits under the policy on March 1, 1999. On December 3, 2001, Hartford notified plaintiff that it was terminating her disability benefits because she was no longer "disabled" as that term was defined in the policy. At the time, plaintiff was receiving $1,475.18 per month in benefits from defendant.[1]

On January 28, 2002, plaintiff appealed the termination within Hartford. Hartford denied the appeal on April 25, 2002. Plaintiff again requested on June 7, 2004, that her benefits be reinstated, and provided Hartford with a report from a treating physician. Hartford denied that request in a letter dated June 11, 2004. Plaintiff filed the present complaint on November 19, 2004.

## II. Analysis

### A. Standard of Review

In ruling on a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the court "must construe the complaint liberally, treating all well-pleaded facts as true and indulging all reasonable inferences in favor of the plaintiff." *Aversa v. United States*, 99 F.3d 1200, 1210 (1st Cir. 1996). In doing so, the court may look outside the four corners of the complaint and may "consider whatever evidence has been submitted," including "depositions and exhibits." *Id.*

### B. Subject-Matter Jurisdiction

To establish subject matter jurisdiction, the plaintiff must demonstrate that the claim (1)

---

[1] Plaintiff does not state the value of the benefits she received. This figure comes from the affidavit of Hartford employee Daniel H. Connors and is not disputed by plaintiff.

"aris[es]under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, (2) is premised on diversity of citizenship of the parties, 28 U.S.C. § 1332, or (3) is based on some other specific grant of federal jurisdiction.  Here, plaintiff contends that this Court has jurisdiction under the specific grant provided in the ERISA statute, 29 U.S.C. §§ 1332(e), (f).  Plaintiff bears the burden of establishing federal jurisdiction.  *See Bull HN Information Systems, Inc. v. Hutson,* 229 F.3d 321, 328 (1st Cir. 2000) ("[T]he party asserting federal jurisdiction, once challenged on the issue, bears the burden of demonstrating its existence.").

      A.      **ERISA Jurisdiction**

Plaintiff contends this matter arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), codified at 29 U.S.C. § 1001 *et seq*.  ERISA generally regulates employee benefit plans, such as the one at issue here, that "provide . . . benefits in the event of sickness, accident, disability, [or] death."  29 U.S.C. § 1002(1).  Although ERISA's reach is broad, certain benefit plans, including "governmental plan[s]," are exempted from its provisions.  *Id.* § 1003(b)(1).  A "government plan" is "a plan established or maintained for its employees by the Government of the United States, by the government of any State or any political subdivision thereof, or by any agency or instrumentality of any of the foregoing."  *Id.* § 1002(32).

In the present case, the plaintiff was covered by a benefit plan through the Commonwealth of Massachusetts Group Insurance Commission ("GIC"), which apparently purchased the insurance from Hartford.  *See* Mass. Gen. Laws ch. 32A, § 4.  ERISA jurisdiction—as well as federal question jurisdiction—therefore turn on whether the GIC is a "political subdivision" or an

"agency or instrumentality" of the Commonwealth.[2]

Those terms are not defined in ERISA, and the First Circuit has not yet determined their meaning. Other federal courts, however, have defined a "political subdivision" as an entity that is "either (1) created directly by the state, so as to constitute departments or administrative arms of the government, or (2) administered by individuals who are responsible to public officials or to the general electorate." *Rose v. Long Island R.R. Pension Plan*, 828 F.2d 910, 916 (2d Cir. 1987) (applying definition of political subdivision used in interpreting National Labor Relations Act to ERISA claim); *accord Shannon v. Shannon*, 965 F.2d 542, 548 (7th Cir. 1992) (applying same test, but not distinguishing between "political subdivision" and "agency or instrumentality"); *Caranci v. Blue Cross & Blue Shield of Rhode Island*, 194 F.R.D. 27, 33 (D.R.I. 2000).

The GIC was created by statute expressly for the purpose of providing state employees with insurance benefits, and is "established within the executive office of administration and finance." Mass. Gen. Laws ch. 32A, §§ 1, 3. Moreover, all of its eleven members are appointed by the governor according to specific statutory criteria. *Id*. § 3. Thus, the GIC, at minimum, meets the first of the two alternative definitions of a political subdivision, and the disability insurance plan it provides therefore falls within the exceptions to ERISA regulations.[3]

Having determined that plaintiff's sole claim does not arise under ERISA, the Court

---

[2] The fact that the GIC did not provide the insurance itself, but rather purchased it from a private entity, does not affect this analysis. *See Lovelace v. Prudential Insurance Co. of America*, 775 F. Supp. 228, 230 (S.D. Ohio 1991) ("Literal application of [29 U.S.C. § 1002(1)] and examinations of the legislative history [of ERISA] suggest Congress contemplated public employers utilizing private full service underwriters . . . to establish or maintain plans.").

[3] The Court takes no position on whether the GIC also meets the definition of an "agency or instrumentality" of the Commonwealth, although there is reason to believe it does. *See Caranci*, 194 F.R.D. at 33-34 (discussing "agency or instrumentality" test).

concludes that no federal jurisdiction is presented under either 29 U.S.C. § 1332(e)(1), -(f) or 28 U.S.C. § 1331.

### B.   Diversity Jurisdiction

Plaintiff does not claim jurisdiction based on diversity of citizenship. Nonetheless, in perhaps an excess of caution, Hartford argues that such jurisdiction does not exist. Accordingly, the Court will briefly address the issue.

To establish diversity jurisdiction, plaintiff must demonstrate (1) that parties are "citizens of different states" and (2) that "the matter in controversy exceeds $75,000, exclusive of interests and costs." 29 U.S.C. § 1332. Defendant, in its motion to dismiss, contends that the amount in controversy is less than $75,000.[4]

The amount-in-controversy is determined as of the date the plaintiff filed the complaint. *See Spielman v. Genzyme Corp.*, 251 F.3d 1, 5 (1st Cir. 2001). Plaintiff filed the complaint 36 months after the termination of benefits. Based on the $1475.18 per month Hamelin was receiving prior to termination of the benefits, defendant estimates that Hamelin has stated a claim for "$53,106.48 ($1,475.18 x 36 months)." This calculation does not account for the annual adjustments in benefits as defined in the policy,[5] but it appears that even with those adjustments, plaintiff's claim falls well short of the $75,000 threshold.

In any event, when a defendant challenges the amount in controversy, the *plaintiff*—not this Court—has "the burden of alleging with sufficient particularity facts indicating that it is not a

---

[4] Plaintiff's complaint and accompanying exhibits do not allege any particular amount of damages. Nor do they collectively provide the Court with any reliable method of inferring damages.

[5] The policy calculates benefits based on a fixed percentage of pre-disability earnings. The pre-disability earnings are adjusted up to ten percent annually for inflation.

legal certainty that the claim involves less than the jurisdictional amount." *Spielman*, 251 F.3d at 5 (internal quotation marks omitted). "A party may meet this burden by amending the pleadings or by submitting affidavits." *Department of Recreation and Sports of Puerto Rico v. World Boxing Association,* 942 F.2d 84, 88 (1st Cir. 1991).

Plaintiff has not met this burden, as she has neither opposed the motion to dismiss, nor moved to amend the complaint to satisfy the amount in controversy requirement. Accordingly, plaintiff has not demonstrated that jurisdiction is proper under 28 U.S.C. § 1332.

### III.   Conclusion

For the foregoing reasons, the Motion to Dismiss of defendant Hartford Life and Accident Insurance Company is GRANTED.

**So Ordered.**

/s/ F. Dennis Saylor  
F. Dennis Saylor IV  
United States District Judge

Dated: December 19, 2005